IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARY ELLEN O'BRIEN, | |
|---|---|
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 19-01920 |
| GEICO EMPLOYEES INSURANCE CO., | |
| *Defendant.* | |

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 3, 2019

<u>**MEMORANDUM**</u>

Mary Ellen O'Brien sued GEICO Employees Insurance Company in the Court of Common Pleas for Philadelphia County on April 3, 2019, alleging breach of contract and bad faith in violation of Pennsylvania law. GEICO removed the case to this Court on May 3, 2019 and moves to dismiss O'Brien's Complaint as barred by the statute of limitations and for failure to state a claim. The Court grants the Motion for the reasons below.

I

O'Brien suffered serious injuries in a motorcycle crash on May 31, 2014 in Phoenixville, Pennsylvania. (Compl. ¶¶ 5–8.) At that time, O'Brien had a motor vehicle insurance policy with GEICO that provided insurance coverage for Underinsured Motorists in the amount of $100,000 and $300,000 in the aggregate. (*Id.* at ¶ 3.)

O'Brien filed a claim pursuant to the policy. GEICO denied her claim based on the "household vehicle exclusion" on September 19, 2014. (*Id.* at ¶ 13.) Specifically, GEICO cited language in the insurance policy that stated "[t]his coverage does not

1

apply to bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for Underinsured Motorist Coverage under this policy." (Denial Letter at 1, Compl. Ex. B.) GEICO explained that the motorcycle O'Brien was driving at the time of the crash was not insured under the Underinsured Motorist Coverage policy. (*Id.*) O'Brien did not file a lawsuit after GEICO denied the claim.

On January 23, 2019, the Supreme Court of Pennsylvania issued its decision in *Gallagher v. GEICO Indemnity Company*, 201 A. 3d 131, 138–139 (Pa. 2019), holding that a similar household vehicle exception violated the Motor Vehicle Financial Responsibility Law (MVFRL) and that such exceptions are "unenforceable as a matter of law." Before *Gallagher*, Pennsylvania courts had held that the household vehicle exclusion did not violate the MVFRL. *See, e.g.*, *Gov't Employees Ins. Co. v. Ayers*, 955 A.2d 1025, 1030 (2008). On February 12, 2019, O'Brien requested that GEICO tender the limits of the insurance policy relating to her 2014 motorcycle crash. (Compl. ¶ 15.) GEICO denied her request as time barred on March 1, 2019. (*Id.* at ¶ 16.) O'Brien then filed this lawsuit on April 3, 2019, arguing that she is entitled to damages for breach of contract and bad faith in light of *Gallagher*.

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that

2

[a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

III

GEICO contends that O'Brien's breach of contract claim is barred by the statute of limitations. While affirmative defenses should generally be raised in an answer to a complaint, the Third Circuit "permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)). Stated another way, "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."

3

*Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

The statute of limitations for a breach of contract claim in Pennsylvania is four years. *See* 42 Pa. C.S.A. § 5525. "Ordinarily, a statute of limitations begins to run from the moment the potential plaintiff has a 'complete and present cause of action.'" *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008). For the purposes of uninsured or underinsured motorist claims, "the running of the statute of limitations is commenced upon an alleged breach, which . . . would be occasioned by the insurer's denial of coverage or refusal to arbitrate." *Erie Ins. Exch. v. Bristol*, 643 Pa. 709, 728 (2017); *Legos v. Travelers Cas. Co. of Connecticut One of the Travelers Ins. Companies*, No. 3:16CV1917, 2018 WL 4928963, at *3 (M.D. Pa. Oct. 11, 2018).

The statute of limitations defense here is apparent on the face of O'Brien's Complaint. She alleges that GEICO denied her claim on September 19, 2014. The statute of limitations governing her breach of contract claim expired on September 19, 2018 and O'Brien did not file her Complaint until April 3, 2019, more than six months after the statute's expiration. O'Brien, citing the discovery rule, contends that she could not have learned of her cause of action until after the Pennsylvania Supreme Court issued its *Gallagher* decision on January 23, 2019.

In Pennsylvania, the discovery rule provides that "where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Kelly v. Repsol Oil & Gas USA, LLC*, 2019 WL 1975914, at *6 (Pa. Super. Ct. May 1, 2019) (citing *Schaffer*

4

*v. Larzelere*, 410 Pa. 402, 406 (1963)). "The underlying purpose of the discovery rule is to ensure that persons who are reasonably unaware of an injury that is not immediately ascertainable have essentially the same rights as those who suffer an immediately ascertainable injury." *Nicolaou v. Martin*, 195 A.3d 880, 892 n.13 (Pa. 2018) (citing *Hayward v. Medical Ctr. of Beaver County*, 530 Pa. 320 (1992)).

The discovery rule does not apply here. O'Brien knew of her "injury" on September 19, 2014, the date GEICO denied her claim. Nothing prevented O'Brien from filing suit at any point over the following four years. While *Gallagher* may have shown that challenges to the household vehicle exception (provided that they are brought within the statute of limitations) could succeed, the Pennsylvania Supreme Court did not for the first time invent the right to assert such challenges in *Gallagher*. O'Brien could have made the exact same arguments as the plaintiff in *Gallagher*, but failed to do so.

IV

Under Pennsylvania law, plaintiffs may recover interest, punitive damages, court costs and attorney's fees if an insurer acts in bad faith in evaluating or handling a claim. 42 Pa. C.S.A. § 8371. While the statute does not explicitly define "bad faith," courts have found that "bad faith denotes a 'frivolous or unfounded' refusal to pay policy proceeds, which imports a dishonest purpose and a breach of a known duty, such as good faith and fair dealing." *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 15-0077, 2015 WL 3444288, at *3 (E.D. Pa. May 28, 2015) (citations omitted). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the

5

policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim. *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000).[1]

As an initial matter, O'Brien's bad faith claim relating to GEICO's September 19, 2014 denial is also barred by the statute of limitations. Claims for bad faith under 42 Pa. C.S.A. § 8371 are subject to a two-year statute of limitations. *See Mail Quip, Inc. v. Allstate Ins. Co.*, No. CV 19-223, 2019 WL 2255767, at *5 (E.D. Pa. May 23, 2019) ("[A]n action under § 8371 is a statutorily-created tort action and [the Supreme Court of Pennsylvania has] h[e]ld such an action is subject to the two-year statute of limitations.") (citing *Ash v. Cont'l Ins. Co.*, 593 Pa. 523, 536 (2007)).

O'Brien attempts to resurrect the dormant bad faith claim by tying it to GEICO's March 1, 2019 denial of her "post-*Gallagher*" demand for benefits. First of all, *Gallagher* did nothing to excuse O'Brien's failure to timely challenge the 2014 denial of her benefits claim. Even if it did, O'Brien hasn't stated a bad faith claim. "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to

---

[1] GEICO also argues that the bad faith claim should be dismissed because "an insurer does not act in bad faith by correctly denying a claim for which there is no coverage." (Mot. at 9.) However, a claim for bad faith pursuant to 42 Pa. C.S. § 8371 is a separate and distinct cause of action and is not contingent on the resolution of the underlying contract claim. *Dagit v. Allstate Prop. & Cas. Ins. Co.*, No. 16-3843, 2017 WL 395489, at *4 fn.3 (E.D. Pa. Jan. 30, 2017); *Doylestown Elec. Supply Co. v. Maryland Cas. Ins. Co.*, 942 F. Supp. 1018, 1019–20 (E.D. Pa. 1996), citing *March v. Paradise Mut. Ins. Co.*, 646 A.2d 1254, 1256 (Pa. Super. Ct. 1994). Thus, if bad faith is asserted as to conduct beyond a denial of coverage, the bad faith claim is actionable as to that conduct regardless of whether the contract claim survives. *Gold v. State Farm Fire & Cas. Co.*, 880 F. Supp. 2d 587, 597–98 (E.D. Pa. 2012) (citing *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 244 Fed.Appx. 424, 435 (3d Cir. 2007)).

dismiss." *Jones v. Allstate Ins. Co.*, No. CV 17-00648, 2017 WL 2633472, at *2 (E.D. Pa. June 19, 2017) (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 Fed.Appx. 133, 136 (3d Cir. 2012); *Camp v. New Jersey Manufacturers Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *5–6 (E.D. Pa. June 8, 2016); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-0077, 2015 WL 3444288 (E.D. Pa. May 28, 2015)).

O'Brien merely alleges that:

15. Based on the *Gallagher* decision, by letter dated February 12, 2019, Plaintiff requested Defendant tender the limits of the Underinsured Motorists coverage of policy number 421286108.

16. By letter dated March 1, 2019, Defendant GEICO issued a denial of Plaintiff's request as time barred by the Statute of Limitations. . . .

27. Defendant, GEICO, has acted, and continues to act, in bad faith by breaching the duty of good faith and fair dealings with respect to insurance policy and agreement in violation of 42 Pa. C.S.A. Section 8371.

28. The outrageous, intentional, reckless, malicious and/or negligent conduct of Defendant, GEICO, in denying the above mentioned claim with regard to providing Underinsured Motorist (UIM) coverage, to Plaintiff, Marty (sic) Ellen O'Brien, arising out of the motor vehicle accident of May 31, 2014, violates the bad faith statute, 42 Pa.C.S.A Section 8371.

29. Defendant, GEICO, without reasonable cause, has failed to act in good faith and fair dealing pertaining to the best interest of its insured . . . Plaintiff, Mary Ellen O'Brien.

(Compl. ¶¶ 15–16, 27–29.) Such conclusory allegations are insufficient to state a plausible claim of bad faith.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

7